UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUDOLPH BETANCOURT, Individually, :
                                  :

        Plaintiff,                  :
                                    :
vs.                                   :    Case No.
                                    :
WEST VOLUSIA HOSPITALITY, LLC, a :
Florida Limited Liability Company, doing   :
business as Hampton Inn & Suites Deland,   :
                                    :
        Defendant.               :
_____/

## COMPLAINT
### *(For Injunctive Relief)*

Plaintiff, RUDOLPH BETANCOURT, Individually, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, WEST VOLUSIA HOSPITALITY, LLC, a Florida Limited Liability Company, doing business as Hampton Inn & Suites Deland, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1. Plaintiff, Rudolph Betancourt, resides in Fenwick, MI, in the County of Montcalm.

2. Defendant's property, Hampton Inn & Suites Deland is located at 20 Summit Oak Place, Deland, FL 32720, in the County of Volusia.

3.      Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5.      Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

6.      Mr. Betancourt is a Michigan resident who regularly comes to Florida to see family and friends (including his colleagues from the Marine Corps).  He comes to Deland, FL on his route to South Florida, and to see his cousin and friends and to enjoy the area, as set forth herein and to engage in advocacy.

7.      Mr. Betancourt stayed as a hotel guest at the subject property, which forms the basis of the lawsuit, on September 18, 2021, and he intends to return to the subject hotel once it is made accessible for his use to avail himself of the goods and services offered to the public at the property.

8.      Mr. Betancourt intends to return to the subject hotel, if the hotel is made accessible for his use, on January 13, 2023, pursuant to a confirmed reservation, or sooner, to avail himself of the goods and services at the property and

to confirm that the property is brought into compliance with the ADA.

9.      The barriers to access at the subject property have endangered his safety.

10.     Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.

11.     According to the public records of Volusia County, the subject hotel was constructed on 2015, and the Defendant acquired same in 2014.

12.     The subject property, Hampton Inn & Suites Deland, is operated by a private entity whose operation affects commerce and is a public accommodation as defined by the ADA and its implementing regulations.  *See*, 28 C.F.R. § 36.104.

13.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Hampton Inn & Suites Deland, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

14.     The Defendant has discriminated against the individual Plaintiff by

denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq.*, as described in paragraph 15.

Title III prohibits the failure to design and construct hotels built for first occupancy after January 26, 1993, to be readily accessible to and useable by in individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. part 36, app A 42 U.S.C. § 12182(a)(1); 28 C.F.R. 36.401, 36.406(a).

Title III prohibits the failure to make alterations to hotels in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities in accordance with the ADA Standards.  42 U.S.C. § 12183(a)(2); 28 CFR §§ 36.402, 403, 36.406(a).

Structures that existed before January 26, 1992, or facilities that the present owner did not design or construct, and which have not been altered since that date, need not meet the same design and implementation standards as facilities build after January 26, 1993.  In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA.  42 U.S.C. § 12182 (b)(2)(A)(iv).

4

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9)

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable."  These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.  Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.  DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

15.  A preliminary inspection of the Hampton Inn & Suites Deland has shown that violations exist.  These violations that Plaintiff has personally encountered or observed include, but are not limited to:

A.      <u>Accessible Route</u>

1.      The curb ramp at the accessible parking area has side flares that exceed the maximum allowance of 10% making it difficult for the Plaintiff to traverse, in violation of Section 406.3 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost:  $1,200.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b)(2) – Removal of barriers – Making curb cuts in sidewalks and entrances.

B.      <u>Parking</u>

1.      There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $500.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b)(2) – Removal of barriers – Making curb cuts in sidewalks and entrances.

C.      <u>Entrances</u>

1.      The main lobby entrance and side entrance does not provide the international symbol of accessibility or directional signage making it difficult for the Plaintiff to identify the accessible entrance, in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $100. The solution is readily achievable as it is listed as a similar item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

D.      <u>Common-Lobby Area</u>

1.      The service counter in the main lobby exceeds the maximum height requirement of 36 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost:

$1,200.  The solution is readily achievable as it is listed as a similar item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

2.      The credit card transaction operable mechanism exceeds the maximum height of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.   Cost: $100.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

E.      Fitness Center

1.      The trash receptacle is obstructing the clear floor space for an approach to the hand sanitizer dispenser making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $0. The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

F.      Pool Area

1.      The tables does not provide compliant knee and toe clearance making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $500.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

2.      The floor mat outside of the door that leads to the pool area does not provide secure placement and has exposed edges making it difficult for the Plaintiff to traverse on the accessible route, in violation of Section 302.2 in the 2010 ADA Standards, whose resolution is readily achievable. Cost:  $100.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

**G.**     <u>Accessible Public Men's Restroom</u>

1.     The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $0. The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

2.     The lavatory does not provide knee clearance with 8 inches of depth at 27 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 306.3.3, 306.3, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $1,000. The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

3.     The toilet compartment door is not self-closing as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $250. The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

4.     The toilet compartment door does not provide a u-pull on the inside of the door making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $100. The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

**H.**     <u>Accessible Guest Room 103</u>

1.     The towel and toilet paper are obstructing the rear wall grab bars 1 ½ inches of spacing below making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable. Cost: $0. The solution is readily achievable as

it is listed as an item that is readily achievable.
28 CFR 36.304(b) – Removal of barriers.

2.      The towels on the shelf exceed the maximum height
        requirement of 48 inches above the finish floor making it
        difficult for the Plaintiff to utilize, in violation of Sections
        308.2, 308.3, and 309.3 in the 2010 ADA Standards,
        whose resolution is readily achievable. Cost: $100. The
        solution is readily achievable as it is listed as an item
        that is readily achievable. 28 CFR 36.304(b)(3) – Removal of
        barriers – Repositioning shelves.

3.      The toilet's side wall grab bar does not extend a minimum
        of 54 inches from the rear wall making it difficult for the
        Plaintiff to utilize, in violation of Section 604.5.1 in the
        2010 ADA Standards, whose resolution is readily
        achievable.   Cost:   $2,500.    The solution is readily
        achievable as it is listed as an item that is readily
        achievable. 28 CFR 36.304(b) – Removal of barriers.

4.      The soap dish exceeds the maximum height requirement
        of 48 inches above the finish floor making it difficult for
        the Plaintiff to utilize, in violation of Sections 308.2, 308.2,
        and 309.3 in the 2010 ADA Standards, whose resolution is
        readily achievable. Cost: $100.   The solution is readily
        achievable as it is listed as an item that is readily
        achievable. 28 CFR 36.304(b)(3) – Removal of barriers –
        Repositioning shelves.

5.      The hand held shower spray unit exceeds the maximum
        height requirement of 48 inches above the finish floor
        making it difficult for the Plaintiff to utilize, in violation of
        Sections 308.2, 308.2, and 309.3 in the 2010 ADA
        Standards, whose resolution is readily achievable. Cost:
        $2500.   The solution is readily achievable as it is listed as
        an item that is similar to the readily achievable items.
        28 CFR 36.304(b) – Removal of barriers.

6.      The side edge of the shower's rectangular folding
        permanent seat is not 1 ½ inches from the back wall
        making it difficult for the Plaintiff to utilize, in violation of
        Section 610.3.1 in the 2010 ADA Standards, whose

resolution is readily achievable.  Cost: $250.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

7.    The sofa is obstructing the clear floor space for an approach to the lamp making it difficult for the Plaintiff to utilize, in violation of Sections 305.3, 305.5, 606.2, and 804 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $0.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

8.    The lavatory does not provide knee clearance with 8 inches of depth at 27 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Sections 306.3.3, 306.3, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.  Cost: $1,000.  The solution is readily achievable as it is listed as an item that is readily achievable. 28 CFR 36.304(b) – Removal of barriers.

**I.**    <u>Lack of Compliant Disabled Rooms Properly Disbursed</u>

1.    The subject hotel lacks the required number of complaint disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

**J.**    <u>Maintenance</u>

1.    The Accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

16.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17.    The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18.    Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all

11

offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19.      Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.   Furthermore, the public interest would not be disserved by a permanent injunction.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505.

20.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Hampton Inn & Suites Deland to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.     The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

13

E.      Such other relief as the Court deems just and proper and/or is allowable

under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

/s/John P. Fuller
John P. Fuller, Esq.
FL Bar No. 0276847
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505
jpf@fullerfuller.com

Counsel for Rudolph Betancourt

14